The next case for argument is DSS, Inc. v. Nichia Corporation. Mr. Smith, when you're ready. Good morning. I'd like to reserve two minutes, please.  May it please the Court, my name is Matthew Smith, and I represent the appellant DSS, Incorporated. The crux of the district court's erroneous dismissal of the underlying case is based on its lack of understanding of the invention. The Court admitted that it was unclear how the components can be sized to provide offsets between the mounting service and the electrical contacts. Yet it still decided it was not possible for anything to occupy the space between the electrical contacts and the mounting service. These contradictory statements led the Court to hold that the claims of the O4 patent were both indefinite and lacked written description support. Counsel, how can there be an offset between the recessed portion of the contact and the mounting surface when the recessed portion of the contact is in the mounting surface? Our position is that these elements are not in totality required to be encompassed in total in these. So the portion of the mounting surface and a portion of the recess have an offset. It's not in the entirety of the mounting surface. It's only in a portion of the mounting surface. So the term in does not mean completely in. It means it's only a portion of the mounting surface is in. As you can see from the figures that we, the demonstratives that we provided, the ends of the device have Do you want to point us to a JA page? Excuse me? Do you want to give us a page? You just mentioned as we could see from the figures, it might be helpful to look at the figure. The demonstratives are on page 33 of the opening brief. So you could see from the demonstratives that we provide that the green electrical contact zigzags up as the patent application. Page 33 of the opening brief, please. Sorry? Open brief. It's on page 33. Open brief. I'm sorry. So as you can see, the green portion zigzags up away from the bottom. And that provides the recess as well as the offset between the mounting surface and the electrical contacts on the left-hand portion with the little red line. So the mounting surface is the bottom brown, and then the green portion is the electrical contacts that zigzag up. The zigzag is the term that's used in the application. And they provide both an offset, the red line, and the recess where the blue arrow points, the recess being something that's not in, something missing for a cave or a concave portion. So that allows the electrical contact to be between the mounting surface and the portion of the mount. And that allows a recess to be between the mounting surface and the portion of the electrical contact that is above the mounting surface, the portion that zigzags up. So you want this remanded so the district court can fully construe the terms? Yes. I think that they did not properly construe the terms. You want in and between construed. As well as some of the other terms I think that they missed on. They didn't construe the terms. Sorry. They didn't construe the offsets. They didn't construe conform. There were several terms that they used in their decision that they didn't construe during their alleged claim, well, alleged lack of claim construction. So how could you, some of the district court, I'm having trouble understanding the invention, but how could you construe in and between in a way that would make this not indefinite? The way that the district court construed it, in is entirely in and between is entirely between. But that's not the language of the claims. In could be partially in and between could be partially in, I mean, partially between. For example, the case that we cited talked about a garbage bag being partially in a garbage can with the top of the bag extending out above it. Did you request any sorts of constructions prior to the decision on the motion? We did not. Those were not in contention at the time. The district court made these constructions to respond to. So we did not know that they were in contention at the time that we filed our response. Are they per se constructions or is it just applying the plain and ordinary meaning of the terms? I think that either way they got it wrong. Plain and ordinary meaning. I know you think they got it wrong. But I do want you to answer my question of whether or not it's really a construction or if it's really an application of the plain and ordinary meaning. An application of plain and ordinary meaning is definitionally a construction. You're giving a – you're deciding how a claim is being interpreted. I guess what I'm wondering is, is this more of a factual dispute rather than a claim construction dispute? If it's a factual dispute, then it – That you're contending. I'm not saying it is, but that you're contending. Excuse me? I'm saying are you contending that there was a factual dispute rather than a claim construction dispute? I think that both are true. I think that there is a – we dispute the claim construction that was decided and we also dispute the factual basis for the claim construction that was made. I can turn to the – sorry, the – can you show me where this planar surface in your diagram is – where this mounting surface in your diagram is not on one plane, but also the recesses. This is the problem, is you've got over the prior art in the IPR by saying your planar – your mounting surface is not planar.  But your mounting – what you seem to be arguing today is that the recesses come up from the mounting surface, which then would suggest that your mounting surface is planar. Where is your mounting surface not planar? The portion of the mounting surface that the – that the – the – Let me back up. This technology is a little hard for me to follow. Is the mounting surface the, like, orange tan stuff? Yes. So the mounting surface is not only the orange tan stuff, but it's also the portion above. Well, the electrical contact, it's like a box. There are two mounting surfaces? Well, it's a – the mount – I think we're way beyond what was argued in the prior case. So the mounting surface here is the orange? Yes, but – Where is that orange not planar? The portion that zigzags up, because the attachment point – Where it's recessed up?  Because the – When the recess is not in the – you're saying underneath the green thing is – The electrical contact. Well, that's not the mounting surface. The way that the device is mounted to the board is that solder is placed inside the recess. So the solder attaches to that whole area inside the recess. So it's mounted to the board through that – in that recess area. There's no – but then it's not mounted to the mounting board at all. It's just solder. Well, it's placed on the mounting board. Mounting has multiple definitions. I mean, I think we told you last time around, if you run this construction at the IPR, these were going to be indefinite. And I think the district court did exactly what we expected it to do. I don't think that that's what was said last time around. They said it could be indefinite. You can argue with what Judge Moore said and what Judge Stoltz said, but they were pretty clear that you were going to have indefinite unless problems. They said it could be raised, and the district court didn't say that. They didn't say that just because they were letting them preserve their arguments. I can tell you that. The orange is the mounting surface. There's no orange under – there's a gap between the orange and the green, and that's the recess. The recess is not in the mounting surface. It's above the mounting surface. The recess is also a portion of it that is the square cutout off the mounting surface. Well, that doesn't help you because the recess under your claims has to be in the mounting surface. Right. So in is the square portion. It's above. It's above here. It also extends into. At the bottom level, it extends into along the edge where the clear part is. So it's three-dimensional, so it extends up and it also extends in. There's no orange underneath this recess at all. Right. So that's the portion that is in the mounting surface. Okay. Good luck with that. Okay. Anything else? That's it. Thank you. Okay. We'll reserve the rest of your time for review. Mr. – I'm going to botch your last name so you can just say it for me. It's okay. Please a court, Thomas Macon Macon from A. N. O. on behalf on the Nitsche please. Can you explain what he's trying to say today? Well, right. So one might remember, I know Judge Cunningham, I think you were there, in the appeal from the IPR, what DSS had argued to get around the prior Art, was that the mounting surface had to be a non-planar mounting surface. And we said, you know, that gets you around the prior Art, but that's going to put you in a host of trouble under 112 later. So we go back down. We move on a variety of motions to dismiss, including the fact that it's indefinite for impossibility, and since the figures apparently aren't covered, lack of a description. And they come back, and they make two arguments in their brief. One of which is, well, this Court never said it couldn't be planar, which is kind of astonishing. It's all over their reply brief here. And then they say, well, this H, which I think I call the brown H maybe in my brief, but tan, orange, whatever, somehow isn't planar. But it is, in fact, the only way they can draw this little red offset in the figure on page 33 on their brief. So I think they're wrong in the claim construction. The Court below had to do nothing but take the one from your Honors. And then their only arguments are, you were wrong, which it can't be at this point, collateral and judicial estoppel for sure. And that if you look at that H long enough, you'll see that it's not planar. But, of course, it's planar. And would you agree that if you were to affirm on the district court's determination on indefiniteness, we wouldn't have to reach the written description issue? We could basically be good or?  That's correct, Your Honor. And then I assume also it was clear that they never asked if it's partially in or partially between construction? No, that's right. And if you look at their briefs here, if I – I mean, my view of what their briefs here are, is where there are a bunch of words that we didn't ask to have construed, but if we had asked to have them construed, then Your Honors would have seen that the mounting surface doesn't have to be nonplanar, which is just highly circular. It comes back to the fact that they argued for a nonplanar construction. They won. They beat us. But now they're stuck. And the claims just don't work. If the district court had construed in in between as partially in and partially between, would that have made any difference? So two things. First of all, I don't think so. I can't imagine one. Thinking about impossibility, it's sort of on them to explain, which they didn't, how they would make it non-impossible. On the written description question, of course, whatever fantastical thing you could imagine obviously isn't described in the specification. The other thing is that, you know, in doesn't show up in a meaningful place in the claims. It's from Your Honors' construction. And Your Honors didn't say in. You said that it had to be in the mounting surface itself, which is not like whether there's a garbage bag and a can. I mean, it couldn't be more clear. It was, you know, coterminous with it. The recesses were in it. Do you have anything further? Not unless you want to hear anything more. We never complain when people give their time back. Thank you, Your Honors. You have about almost five minutes for rebuttal if you need it. The only point I'd like to make is that there are two definitions of planar. There is a planar surface that extends in all directions, that is a geometric anomaly, or I, phi, which is what they argued, which each argued at the board, was the planar surface, the surface that the board was mounted on, not the mounting surface of the board. Now they're arguing that the planar surface is the mounting surface of the board itself, and the planar surface of the mounting is planar surface in that sense. It's just that there's a flat surface, not an extending indefinite surface. So the flat surface could have flat portions, planar portions, and non-planar portions, portions that extend up. So I think that there's a difference between the two uses of planar surface in this. That's okay. She is not running your time, but I don't think you're going to go over. So if there's no further questions, thank you. Thanks. The case is submitted.